## HAMSMITH v. ESPY *et al.*

1. JUDGMENT AGAINST A FIRM. When a judgment is rendered against a firm in its firm name, the property of the individual members can be rendered liable only by *scire facias.*
2. SAME: MEMBERS OF A FIRM. When a judgment on a copartnership obligation is rendered against the members of a firm, as individuals, the sale of individual property for its satisfaction is not irregular or void. A creditor, in a proper case may in equity compel a resort to copartnership property.

*Motion to set aside a Sale.*

WEDNESDAY, JUNE 18.

HAMSMITH commenced his action against "Thomas S. Espy, Charles Baker, and John Robinson, doing business as partners, in the name and style of Espy, Barker & Robinson," upon a note made in the copartnership name.

After judgment against "defendants," the cause was brought into this court, and at the June Term, 1861, a judgment was rendered against them in their individual names, as well their sureties on the appeal bond. An execution was issued, and levied upon two lots in Fort Madison, one of them belonging to the firm, and the other the individual property of Espy, who now moves to set aside this sale of his lot, by showing that there was other firm property, of which the sheriff, and all persons at the sale, had notice, amply sufficient to satisfy the writ, and which was pointed out to him before the levy.

*Thos. S. Espy* for the motion.

*J. M. Beck,* contra.

WRIGHT, J. — We are aware of the rule in equity, that partnership property should pay firm debts, and individual property individual debts. But suppose a judgment is rendered against persons composing a firm, in their individual names, if individual property is sold under an execution issued thereon, is the sale invalid, though there may be partnership means? We think not. The judgment is several, the writ runs against defendants, as individuals. No step further is necessary in the first instance, (as by *scire facias,* or the like,) to make individual property liable, and it is not irregular to levy and sell that which the writ commands the officer to seize. By his writ, he does not know of a joint liability, and his simple duty, primarily, is, to make the money from property belonging to either of the defendants named. A creditor of either might, in a proper case, in equity, by a showing of all the facts, compel a resort to the partnership assets. But if this is not done, the individual debtor cannot complain of the illegality of the sale.

Our Code changes the common law, in providing that a partnership may be sued in its firm name. If thus sued, a *scire facias* is necessary, in order to reach individual property. If, however, a plaintiff follows, as he may, the common law requirement, of giving the individual names, and thus serving and suing all, he may take the property of either partner in satisfaction of his writ. In such a case a *scire facias* is not necessary.

Motion refused.

LOWE, J., dissenting.